Electronically Filed
Intermediate Court of Appeals
30092
21-OCT-2010
08:11 AM

NO. 30092

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ERIN A. RUTTENBER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(Case No. 2DTC-09-008131)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Erin A. Ruttenber (Ruttenber) appeals the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on September 2, 2009 in the District Court of the Second Circuit, Wailuku Division (district court).[1]

Ruttenber was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes § 291C-105(a)(1) (2007 Repl.).

On appeal, Ruttenber contends that the district court "erred in admitting the alleged speed and distance readings" without adequate foundation[2] that "the laser gun had been tested according to manufacturer's recommended procedures and/or that Officer [Jamie] Wright [(Officer Wright)] was qualified by training and experience to operate the laser speed gun."

---

[1]  The Honorable Kelsey Kawano presided.

[2]  Ruttenber did not object to the accuracy of the laser during testimony, but did move for judgment of acquittal later at the close of the State's case as to whether the laser met "accepted standards for accuracy" and "whether [Officer Wright] was qualified to determine whether it was accurate", and did renew the objection after both parties rested.

The State concedes that the State failed to lay sufficient foundation for admission of the laser gun speed reading and requests that the conviction be reversed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ruttenber's point of error as follows:

In this case, the record is sufficient to review Ruttenber's point of error that the State failed to adduce sufficient evidence that the laser gun was tested according to the manufacturer's recommended procedures or that Officer Wright was qualified to operate the laser in order to establish sufficient foundation for the laser gun reading.

The only evidence presented in this case was the testimony of Officer Wright. Officer Wright did not testify that the laser gun was tested in accordance with the manufacturer's specifications or that he was qualified by training and experience to operate the laser gun. Therefore, the State failed to adduce sufficient evidence regarding the accuracy of the laser gun, and the laser gun reading should not have been admitted as evidence. State v. Assaye, 121 Hawai'i 204, 210-14, 216 P.3d 1227, 1233-37 (2009). Without evidence of the laser gun reading, there is insufficient evidence to convict Ruttenber of Excessive Speeding. Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on September 2, 2009 in the District Court of the Second Circuit, Wailuku Division, is reversed.

DATED: Honolulu, Hawai'i, October 21, 2010.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2